```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF PUERTO RICO
```

SOCORRO RIVERA-ROSA,

    **Plaintiff**

          v.                    **CIVIL NO.**06-2234 (FAB)

CITIBANK, N.A.,

    **Defendant**

**ORDER**

The Court has reviewed the parties' Joint Case Management Memorandum and finds it to be unacceptable.

On May 30, 2007, the Court ordered the parties to amend their Joint Report of Parties' Planning Meeting to set forth the dates when depositions have been or will be taken. Additionally, the Court ordered defendant to retain its damages expert immediately and not wait for plaintiff's expert report (Docket No. 12).

The parties did not amend their Report of Parties' Planning Meeting nor did they set forth the dates when depositions have been or will be taken in the Case Management Memorandum they jointly filed. Furthermore, the defendant has not indicated to the Court that it has retained its damages expert. It surprisingly indicates that it "has not yet retained an expert witness in this case," and that it "may announce an expert witness once the plaintiff announces her expert witness and produces the required expert

Civil No. 06-2234(FAB)
Page 2

witness report."  (Docket No. 17, Case Management Memorandum, ¶III(2), p. 15).  That is not what the Court ordered.

Additionally, the defendant merely lists its witnesses and does not indicate a "summary of each witness' expected testimony," contrary to what was specified in the Court's Scheduling Order issued on May 4, 2007 (Docket No. 9, ¶II(B)(2), p. 3).

Meanwhile, the plaintiff only mentions the name of one of its expert witnesses, Dr. Ramón Cao, without providing a summary of his expected testimony or his *curriculum vitae*, and states that it "will announce expert psychiatric witnesses, if any, in accordance with the Federal Rules of Civil Procedure."  (Docket No. 17, <u>loc. cit.</u>).  The federal rules indicate precisely that "disclosures of expert testimony shall be made at the times and in the sequence directed by the Court," F.R.Civ.P. 26(a)(2)(C), and that pre-trial disclosures shall be made at least 30 days before trial "unless otherwise directed by the Court [F.R.Civ.P. 26(a)(3)] in writing, signed, and served."  F.R.Civ.P. 26(a)(4).

In its Scheduling Order, the Court directed that the contents of the Joint Case Management Memorandum "address the following issues:"

\* \* \*

> "2.  Each party's fact and expert witnesses, with a summary of each witness' expected testimony.  When a party announces expert

Civil No. 06-2234(FAB)
Page 3

> witnesses retained or specially employed to provide expert testimony in the case, the party must provide the expert witnesses' curriculum vitae and a report containing a summary of the expert's testimony and opinions."
>
> \* \* \*

Docket No. 9, Scheduling Order, ¶II(B)(2), p. 3. As indicated above, the parties did not comply with that part of the Scheduling Order.

Therefore, the Court orders that an amended Joint Case Management Memorandum be filed, in strict compliance with the Court's Scheduling Order, no later than August 3, 2007. Failure to do so will result in severe sanctions upon counsel.

Another Initial Scheduling Conference is scheduled for August 14, 2007 at 9:00 am.

**SO ORDERED.**

In San Juan, Puerto Rico, July 24th, 2007.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE