```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF PUERTO RICO

 SOCORRO RIVERA ROSA,
       Plaintiff,

                  v.                    CIVIL NO. 06-2234 (FAB)

 CITIBANK, N.A.,
       Defendants.
```

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Plaintiff filed her complaint in the Commonwealth court on October 2, 2006. Defendant removed the case to this Court on December 8, 2006. (Docket No. 1) Pending before the Court is plaintiff's Memorandum in Support of Demand for Jury Trial filed on November 16, 2007. (Docket No. 30) Defendant opposed plaintiff's request, (Docket No. 33) asserting that plaintiff waived her right to a jury trial by failing to serve her demand within ten days after the service of the last pleading as required by Fed.R.Civ.P. 38(b), Docket No. 33. It further argues that "the Court has before it no single reason that warrants the exercise [of] its discretion under Federal Rule of Civil Procedure 39." (Docket No. 33, p. 2)

The question here is whether a jury trial should be ordered by the court upon a motion by the plaintiff when no timely demand has been made. For the reasons discussed below, the Court answers that question in the affirmative and **GRANTS** plaintiff's request for a jury trial.

Civil No. 06-2234(FAB)                                                2

**DISCUSSION**

Rule 81(c) provides that the Federal Rules of Civil Procedure "apply to civil actions removed to the United States District Court from the state courts and govern procedure after removal". Fed.R.Civ.P. 81(c). Rule 81(c) further states that:

> "If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38[1] shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. **The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury**." (Emphasis added)

Nevertheless, Rule 39(b) affords the district court discretion in ordering that the case be tried by jury, even when no timely motion is filed. The Rule provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." Fed.R.Civ.P. 39(b)

By the express terms of the rule, the granting of a jury trial under the rule is a matter solely within the court's discretion.

---

[1] A party may demand "a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue..." Fed.R.Civ.P. 38(b). The timing provisions of Rule 38(b) apply where the defendant did not answer the complaint until after the removal. In this case defendant filed its answer in the state court proceedings **before** the case was removed.

Civil No. 06-2234(FAB)                                                    3
_____

See Algarin-Torres v. Univ. of Puerto Rico, 126 F.R.D. 8 (D.P.R. 1989).  Indeed, Rule 39(b) itself contains no reference to any limitations on a district court's discretion to grant or deny a motion under this rule.  Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194, 199 (1st Cir. 1987) (*abrogated on other grounds*); Jenouri v. WAPA-TV, 747 F.Supp. 118, 121 (D.P.R. 1990).

    There is wide divergence of views on how the court should exercise its discretion on a motion under Rule 39(b).  In Rowlett the First Circuit Court of Appeals addressed the issue and reviewed the two approaches circuit courts have used when dealing with the discretion permitted by Rule 39(b).  The Second Circuit narrows the discretion requiring something beyond mere inadvertence.  Rowlett, 832 F.2d at 1999; see also, Noonan v. Cunard Steamship Co., 375 F.2d 69 (2nd Cir. 1967).  On the other hand, the Fifth Circuit follows the principle that when the discretion of the court is invoked, it should grant a jury trial in the absence of strong and compelling reasons to the contrary.  See, Swofford v. B.&W., Inc., 336 F.2d 406, 409 (5 th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965).[2]

---

[2] Recent case law from the Fifth Circuit demonstrates that the Court has adopted a five-factor balancing test that district courts should consider in the exercise of discretion under Rule 39(b). See e.g. Daniel Intern. Corp. v. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990); Hardtke v. The Hartford, D.C. Tex. 2006, 2006 WL 503952; Wong v. SBC Smart Yellow Pages, D.C. Tex. 2005, 2005 WL 3534460; Tovar v. Target Corp., D.C. Tex. 2005, 2005 WL 3447752.

Civil No. 06-2234(FAB)                                                    4

After discussing both approaches, the First Circuit Court of Appeals held it was "of the view that the discretion under Rule 39(b) is very broad and that the case would be very rare indeed where a district court abused its discretion in denying or granting a Rule 39(b) motion."  Rowlett, 832 F.2d, at p. 200.  See also, Moores v. Greenberg, 834 F.2d 1105, 1109 (1st Cir. 1987); Jenouri, 747 F.Supp. at 121; Wright and Miller, Federal Practice and Procedure, § 2334; Algarin-Torres, 126 F.R.D. at 9; Pawlak v. Metropolitan Life Ins. Co., 87 F.R.D. 7417 (D.Mass. 1980).

Furthermore, the court in Algarin-Torres held that although Rule 39(b) does not provide guidelines for the exercise of discretion in ruling upon an untimely jury request, the Court may consider, among other factors concerned with the administration of justice:  1) whether defendants are prejudiced by the granting of the motion; 2) to what extent will special instructions be necessary so that the jury may understand the issues; 3) will factual matters be easily understood by the jury, and 4) possible delays caused by the granting of the jury request.  Algarin-Torres, 126 F.R.D. at 10.  There is also a "strong federal policy favoring trial by jury of issues of facts".  Id.; Jenouri, 747 F.Supp. at 122.

In this case, other than focusing on the untimeliness of plaintiff's request, defendant presents no valid reason in favor of denying plaintiff's request for a jury trial.  For instance,

Civil No. 06-2234(FAB)                                                5

defendant argues that "important strategic decisions" regarding discovery (i.e. "which witnesses to depose", "the decision not to retain an expert witness", etc.) were made "based on the fact that this case was going to be tried before the judge." (Docket No. 33, p. 10)

That argument, however, is simply without merit. Defendant's decision about how to conduct discovery is not affected **in any way** by plaintiff's request for a jury trial. The same evidence would be required for a jury or a bench trial. Furthermore, the trial in this case is scheduled for July 8, 2008 and defendant has ample time to prepare for a jury case (especially when no significant discovery has been exchanged by the parties.)

Defendant also argues that the factual scenario of the case will confuse the jury and it will require a jury to understand complex aspects of the banking industry. <u>Id.</u>, n. 4. This argument is nothing but frivolous. The only issues in this case are whether plaintiff's termination constituted an unjust dismissal under Puerto Rico law and whether defendant's actions violated plaintiff's constitutional rights as secured by the Constitution of the Commonwealth of Puerto Rico. (Docket Nos. 1 and 22) There is nothing "complicated" in those two questions. The facts of this case will be easily understood by the jury. In any event, that alone is not a basis to deny a jury trial because "juries are commonly called upon to decide complex cases". <u>Green Const. Co. v.</u>

Civil No. 06-2234(FAB)                                                    6

<u>Kansas Power and Light</u>, 1 F.3d 1005, 1011 (10th Cir. 1993)  The collective wisdom of a jury cannot and should not be questioned.

Finally, a jury trial may be only a bit longer than a bench trial.  Therefore, none of the circumstances that would weigh in favor of defendant's request are present in this case.

Accordingly, the discretion afforded by Rule 39(b) will be exercised to order a trial by jury.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's demand for jury trial (Docket No. 30).

IT IS SO ORDERED.

In San Juan, Puerto Rico, December 5, 2007.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
United States District Judge